# EXHIBIT 1

**EXHIBIT 1 - PAGE 6**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Marketsource, Inc.(aka Marketsource, Inc. which will do business in California as Maryland Marketsource, Inc.),a Maryland Corp. Does 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Kevin Nguyen

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
09/07/2017 at 12:14:15 PM
Clerk of the Superior Court
By Erika Engel, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Diego Superior Court - Central
*(El nombre y dirección de la corte es):*

330 West Broadway
San Diego, CA 92101

**CASE NUMBER:** *(Número del Caso):* 37-2017-00033174-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

DATE: 09/08/2017              Clerk, by  *E. Engel*  , Deputy
*(Fecha)*                        *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Marketsource, INC.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

9-8-17

EXHIBIT 1 - PAGE 7

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Alexander I. Dychter (SBN 234526)<br>DYCHTER LAW OFFICES, APC<br>1010 Second Avenue, Suite 1835<br>San Diego, California 92101<br>TELEPHONE NO.: (619) 487-0777   FAX NO.: (619) 330-1827<br>ATTORNEY FOR (Name): Kevin Nguyen, Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Kevin Nguyen v. MarketSource, Inc. aka MarketSource, Inc.; DOES 1-50

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [ ] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [✓] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Rule 3.740 collections (09)
   [ ] Other collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 5
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 7, 2017
Alexander I. Dychter
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**EXHIBIT 1 - PAGE 8**

```
 1  DYCHTER LAW OFFICES, APC
    Alexander I. Dychter (SBN 234526)
 2  S. Adam Spiewak (SBN 230872)
    1010 Second Ave., Suite 1835
 3  San Diego, California 92101
    Telephone: (619) 487-0777
 4  Facsimile:  (619) 330-1827
    E-Mail:  Alex@DychterLaw.com
 5  E-Mail:  Adam@DychterLaw.com

 6  LAW OFFICES OF RAPHAEL A. KATRI
    Raphael A. Katri (SBN 221941)
 7  8549 Wilshire Blvd., Ste. 200
    Beverly Hills, California 90211
 8  Telephone: (310) 940-2034
    Facsimile:  (310) 733-5644
 9  E-Mail:  RKatri@SoCalLaborLawyers.com

10  Attorneys for Plaintiff Kevin Nguyen
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| Kevin Nguyen, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARKETSOURCE, INC. (*aka* MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC.), a Maryland Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>1. Failure to Pay Straight-Time and Overtime Wages<br>2. Violation of the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)<br>3. Failure to Reimburse Required Expenses<br>4. Failure to Pay All Wages Upon Termination<br>5. Failure to Provide Accurate Wage Statements<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT AND DEMAND FOR JURY TRIAL

EXHIBIT 1 - PAGE 9

Plaintiff KEVIN NGUYEN (hereinafter "Plaintiff" or "Nguyen"), on behalf of himself and all others similarly situated, complains and alleges as follows:

### INTRODUCTION

1. This class action lawsuit arises out of the failure of Defendant MARKETSOURCE, INC., also known as MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC. (hereinafter "Defendant" or "MarketSource") to (i) pay all straight-time and overtime wages owed to non-exempt technology sales specialists for all time actually worked, including but not limited to, a failure to include all earned "bonus" and/or "premium pay" that corresponds to an earnings period during which they worked overtime in the calculation of overtime wages; (ii) pay all owed wages each and every pay period; (iii) pay reimbursement of all business expenditures; (iv) pay all owed wages upon separation of employment; and (v) provide accurate wage statements, as mandated under the California Labor Code.

2. Plaintiff is a Member of and seeks to be the class representative for the Technology Sales Specialists Class, the Former Subclass, and the Wage Statement Subclass, as each are defined in paragraphs 18-20 below. As used herein, the general term "Class" includes Plaintiff and all other members of the Technology Sales Specialists Class and/or Former Subclass Members and/or Wage Statement Subclass Members, as defined below.

3. On behalf of himself and other members of the Class, Plaintiff seeks 1) all straight-time and overtime wages owed, under Labor Code §§ 510, 1194 and 1197; 2) unpaid wages, due every pay period, under Labor Code § 204; 3) expense reimbursement, under Labor Code § 2802; 4) unpaid wages due at the time of resignation or termination under Labor Code § 201 or § 202 (for Former Subclass Members only); 5) continuation wages under Labor Code § 203; 6) penalties for inaccurate itemized wage statements, under Labor Code § 226(e) (for Wage Statement Subclass Members only); and, 7) restitution under Business and Professions Code § 17203.

///
///
///

## JURISDICTION AND VENUE

4. The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of California and Defendant regularly conducts business throughout California. Further, there is no federal question at issue, as the claims herein are based solely on California law.

5. Venue is proper in this Judicial District and the County of San Diego because Defendant conducts business in the County of San Diego and Plaintiff resides in the County of San Diego.

## THE PARTIES

A. **Plaintiff and the Class**

6. Plaintiff Kevin Nguyen was employed by Defendant as a Technology Sales Specialist from approximately May 22, 2016 through approximately April 5, 2017. Mr. Nguyen was paid based on an hourly rate and on certain occasions also earned "bonuses" and/or other "premium" compensation. Plaintiff did not have a single assigned worksite; instead, Plaintiff was required to travel to various "assigned events" at multiple partner stores (*i.e.* Staples, Office Depot, Fry's Electronics, Best Buy, and Costco) based upon a schedule, for purposes of promoting the client(s)' products. In the case of Plaintiff Nguyen, he was assigned to promote HP branded products at the partner sites while wearing an HP branded shirt at the partner sites. Specifically, Plaintiff was required to visit all of the designated partner stores and answer questions from store employees and customers, to perform product demonstrations, to identify product promotions, to distribute promotional items, and to perform other miscellaneous tasks as necessary. Plaintiff was not involved in the actual sale of items – that activity was the responsibility of the employees at the partner stores.

7. On certain days, in order to cover all of his assigned responsibilities, Plaintiff visited more than one partner store in the same day, which Defendant knew and did not discourage. However, Plaintiff was not provided mileage reimbursement when driving between work sites, as required under California law. On these same occasions, Plaintiff also was not paid wages for time spent travelling between the multiple worksites in the same day.

///

8. Plaintiff was also required to use his own personal cellular telephone for purposes of "clocking-in" and "clocking-out" for his shift, checking and arranging his schedule, participating in the "Group-Me" phone application, and other administrative tasks, which were done outside of the partner store and were performed "off-the-clock." Plaintiff failed to receive wages for this "off-the-clock" work and failed to receive sufficient funds (having only received $5 per month in reimbursement from Defendant – which was treated as earned "wages") to fully reimburse him for his phone/data usage.

9. Plaintiff earned certain monetary "bonuses" and/or "premiums" that were not factored into the regular rate of pay calculation for purposes of determining the overtime wage rate in the same period where overtime was worked.

10. Plaintiff failed to receive all earned wages and all owed expense reimbursement upon his separation from Defendant. Additionally, Plaintiff received paystubs that state his employer as "*MarketSource*," however, according to the records maintained by the State of California - Secretary of State, the actual legal entity employing Plaintiff is "*MarketSource, Inc. which will do business in California as Maryland Marketsource, Inc.*" Therefore, each and every wage statement issued to Plaintiff is inaccurate and in violation of the Labor Code. Meanwhile, the paystubs also indicate an address in Georgia, which is not the actual address of his employer.

11. The Members of the Class are similarly situated persons who are presently employed or were formerly employed by Defendant as non-exempt Technology Sales Specialists in the State of California who: 1) were not paid straight-time and overtime wages at the lawful rate of pay for all time actually worked; 2) were not reimbursed for all incurred business expenses; 3) were not paid all earned wages timely upon resignation or termination of their employment; and/or 4) were not issued accurate itemized wage statements.

B. **Defendants**

12. Defendant MarketSource, Inc. is an entity created under the laws of the State of Maryland and is registered with the California Secretary of State as "MARKETSOURCE, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS MARYLAND MARKETSOURCE, INC.", presumably because another California corporation is registered as MarketSource, Inc. At all

- 3 -
COMPLAINT

EXHIBIT 1 - PAGE 12

relevant times mentioned herein, MarketSource has employed Class Members in the County of San Diego and has conducted substantial business in the State of California.

13. Defendant MarketSource was the employer of Plaintiff Nguyen, as evidenced by Plaintiff's paystubs and other company documents provided to Plaintiff during the course of his employment, and is therefore responsible as the employer for the conduct, as alleged herein.

14. Defendant conducts business in California and throughout the United States providing staffing for direct sales, indirect sales, and sales support. (www.marketsource.com). According to this website, MarketSource is "An Allegis Group Company." As Class Members do not have any direct or indirect sales responsibilities, they fall under the "sales support" category, as opposed to retail sales.

15. Defendant was the employer of Plaintiff and other Class Members at the time Defendant breached its legal obligations to them as described herein, and Defendant continues to breach its legal obligation owed to Class Members currently employed by Defendant.

16. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, but is informed and believes and thereon alleges that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities of the DOE Defendants when ascertained.

17. Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

### CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of himself and all other similarly situated persons as a class action pursuant to Code of Civil Procedure § 382. Plaintiff seeks to represent a Class composed of and defined as follows:

///

**All of Defendants' non-exempt Technology Sales Specialists in the State of California at any time since September 7, 2013 through the date of trial ("Class Members").**

19. Plaintiff also seeks to bring this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

**All Class Members whose employment with Defendant in California ended at any time since September 7, 2014. ("Former Subclass Members")**

20. Plaintiff also seeks to bring this action on behalf of himself and all other similarly situated persons in a Subclass of the Plaintiff Class, which is composed of and defined as follows:

**All Class Members employed with Defendant in California at any time since September 7, 2016 ("Wage Statement Subclass Members").**

21. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure § 382 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

a. The Class Members are so numerous that individual joinder of all of them as plaintiffs is impractical. Although the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 50 Class Members.

b. The identity of Class Members can readily be determined from Defendant's employment records. Defendant's records include the name and address of every person who was employed as a non-exempt Technology Sales Specialist by Defendant in the State of California during the Class Period.

c. Common questions of law and fact exist as to Class Members and predominate over any questions that affect only individual Class Members. These common questions include, but are not limited to:

    (1) Did Defendant, in violation of Labor Code §§ 510, 1194, and 1197, fail to pay Class Members for all time worked?

///

- 5 -
COMPLAINT

EXHIBIT 1 - PAGE 14

(2) Did Defendant, in violation of Labor Code §§ 510, 1194, and 1197, fail to pay Class Members for all overtime wages owed to them?

(3) Did Defendant, in violation of Labor Code § 204, fail to pay Class Members for all wages earned during each pay period?

(4) Did Defendant, in violation of Labor Code § 201 or § 202, fail to pay Class Members upon termination all wages owed?

(5) Did Defendant act willfully when they failed to pay Class Members upon separation all straight-time wages owed and all overtime wages owed earned prior to separation?

(6) Did Defendant, in violation of Labor Code § 2802, fail to indemnify Class Members for all necessary expenditures or losses incurred in the course of their duties?

(7) Is Defendant liable for penalty wages under Labor Code § 203?

(8) Did Defendant, in violation of Labor Code § 226(a), fail to provide Class Members with accurate compliant itemized statements showing the actual legal name and address of the employer, all gross wages earned; net wages earned; and all applicable hourly rates in effect during the pay period; and the corresponding number of hours worked by the employee at each hourly rate of pay?

(9) Is Defendant liable for restitution under Business and Professions Code § 17203?

(10) Did Defendant violate the Unfair Competition Law, Business and Professions Code § 17200, *et seq.*, by its unlawful practices as alleged herein?

(11) Is Defendant liable for pre-judgment interest?

(12) Is Defendant liable for attorney's fees and costs?

d. Plaintiff is a Member of the Class and both Subclasses, and his claims are typical of the claims of the other Class Members and Subclass Members. Plaintiff is informed and believes

and thereon alleges that Defendant maintains policies or practices of: 1) failing to pay Class Members wages for time spent travelling between partner stores; 2) failing to pay Class Members wages for all time spent away from the partner store performing administrative tasks and training; 3) failing to reimburse mileage incurred when travelling between partner stores; 4) failing to fully reimburse all expenses incurred related to cellular telephone/data usage for the benefit of the employer; 5) failing to include all monetary "bonuses" and/or "premium" compensation in the overtime wage rate during periods when overtime was worked; 6) failing to pay all wages earned each and every pay period; 6) failing to pay employees all earned wages due upon separation of employment; and/or 7) failing to provide accurate itemized wage statements.

e. Plaintiff will adequately and fairly protect the interests of the Class Members and Subclass Members. Plaintiff has no interest adverse to the interests of absent Class Members and/or Subclass Members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation and employment law.

22. A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class Members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of the Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

## FIRST CAUSE OF ACTION

### Failure to Pay Straight-Time and Overtime Wages

(By Plaintiff and the Class Members against all Defendants)

23. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

///

24. At all relevant times, Plaintiff and the Class Members were employees of Defendants covered by Labor Code §§ 510, 1194 and 1197, and the applicable I.W.C. Wage Order.

25. By its failure to pay straight-time wages and overtime wages for all time worked, as well as failing to pay overtime wages at the lawful rate of pay, Defendant willfully breached its agreement to pay wages, in violation of Labor Code §§ 510, 1194 and 1197 and the applicable I.W.C. Wage Order.

26. Plaintiff is informed and believes and thereon alleges that at all relevant times within the applicable limitations period, Defendant maintained and continues to maintain a policy and practice of requiring Class Members to travel between job sites on the same day, without receiving any wages for the time spent travelling between or among the two or more work locations. Also, Defendant maintained and continues to maintain a policy of requiring Class Members to perform various administrative work-related tasks away from the work location, while off-the-clock and without receiving any wages. Additionally, Class Members were paid certain monetary "bonuses" and/or "premium" wages and those amounts were not factored into the regular rate of pay for purposes of calculating the overtime wage rate in those periods when a bonus was earned and overtime was worked.

27. As a result of Defendant's unlawful conduct, Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid all straight time and overtime wages owed to them under Labor Code §§ 510, 1194 and 1197 and/or the applicable I.W.C. Wage Order.

28. Pursuant to Labor Code §§ 1194, 1194.2 and 1194.3, Plaintiff and the Class Members are entitled to recover the full amount of unpaid wages, liquidated damages, pre-judgment interest, reasonable attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
### Violation of California's Unfair Competition Law ("UCL")
[Cal. Bus. & Prof. Code § 17200, *et seq.*]

(By Plaintiff and the Class Members against all Defendants)

29. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

30. Plaintiff brings this claim on behalf of himself and all others similarly situated in his representative capacity against Defendant and Does 1 through 50, for their unlawful business acts

- 8 -
COMPLAINT

EXHIBIT 1 - PAGE 17

and/or practices pursuant to California Business & Professions Code § 17200, *et seq.* ("UCL"), which prohibits all unlawful business acts and/or practices.

31. Defendant's failure to pay all straight-time and overtime wages, failure to pay all wages owed each and every pay period, failure to timely pay all wages upon termination of employment, and failure to reimburse all incurred business expenses as alleged herein, constitutes unlawful and/or unfair business acts and/or practices within the meaning of California Business & Professions Code § 17200, *et seq.*

32. As a result of its unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff and the Class Members. Defendant should be enjoined from this activity and provide restitution, by restoring to Plaintiff and the other Class Members the wrongfully withheld wages and expense reimbursements.

33. The acts and practices alleged in the preceding paragraphs occurred in connection with Defendant's conduct of trade and commerce in the State of California.

34. Defendant's misconduct, as alleged herein, gave this Defendant an unfair competitive advantage over its competitors.

35. As a direct and proximate result of the aforementioned acts, Defendant received and continues to hold monies in which Plaintiff and the Class Members have a possessory interest.

36. Defendant's conduct constitutes unlawful and unfair acts or practices conducted in the course of Defendant's business, and thereby constitutes violations of California Business and Professions Code § 17200, *et seq.* Such conduct offends the established public policy of the State of California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

37. Pursuant to § 17203 of the UCL, Plaintiff seeks an order of this Court enjoining Defendant from continuing to engage in the unlawful and/or unfair business practices, and any other act prohibited by the UCL.

38. WHEREFORE, Plaintiff and the other Class Members are entitled to equitable relief, including restitution, attorney's fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful and/or unfair activity.

///

## THIRD CAUSE OF ACTION

### Failure to Reimburse Employees for Required Expenses

(By Plaintiff and the Class Members against all Defendants)

39. Plaintiff and the other Class Members incorporate all preceding paragraphs as though fully set forth herein.

40. At all relevant times, Plaintiff and the other Members of the Class were employees of Defendant, covered by Labor Code § 2802, which provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

41. At all relevant times herein, Defendant violated Labor Code § 2802 by failing to reimburse and indemnify the Plaintiff and the other Members of the Class for mileage driving between or among multiple work locations in the same workday, and failing to reimburse fully costs associated with the telephonic and data usage of cellular telephones/smartphones, which Class Members were required to use for the benefit of Defendant.

42. Class Members travelled to more than one work site in the same workday, yet failed to receive mileage reimbursement for this required activity for the benefit of Defendant. Also, Class Members were required to provide their own cellular telephone for purposes of clocking-in/out from their shift, participating in conference calls and training sessions, and accessing certain information on an application contained on their phone, yet only received $5.00 per month in reimbursement, which does not adequately reimburse them for their costs incurred. Furthermore, Defendant did not treat the monies paid to Class Members purportedly to reimburse them for "Phone Usage" as an 'expense,' but rather as taxable wages, further reducing the net amount that Class Members actually received, which was insufficient to indemnify them for the expenditures incurred.

///

///

- 10 -

COMPLAINT

EXHIBIT 1 - PAGE 19

43. Labor Code § 2802(b) and (c) provides for interest at the statutory rate of ten percent (10%) simple interest per annum from the date of the expenditure, plus attorney's fees to collect reimbursement.

44. Plaintiff therefore demands reimbursement for expenditures or losses incurred by him and the other Class Members in the discharge of their duties for Defendant, or their obedience to the directions of Defendant, with interest at the statutory rate and costs under Labor Code § 2802.

## FOURTH CAUSE OF ACTION

### Failure to Pay All Wages Owed Upon Termination

(By Plaintiff and the Former Subclass Members against all Defendants)

45. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

46. At all relevant times, Plaintiff and the Former Subclass Members were employees of Defendant, covered by Labor Code § 201 or § 202.

47. Pursuant to Labor Code § 201 and/or § 202, Plaintiff and the Former Subclass Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours' previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

48. Defendant failed to pay Plaintiff and the Former Subclass Members all wages earned and unpaid prior to termination in accordance with Labor Code § 201 or § 202. Plaintiff is informed and believes and thereon alleges that during the three (3) year limitations period applicable to this cause of action, Defendant maintained and continues to maintain a policy or practice of failing to pay all straight-time and overtime wages upon separation of employment.

49. Defendant's failure to pay Plaintiff and the Former Subclass Members all wages earned prior to termination in accordance with Labor Code § 201 or § 202 was willful. Defendant had the ability to pay all straight-time wages and overtime wages earned by Class Members, but

1  intentionally adopted policies or practices incompatible with the requirements of Labor Code §§ 510, 1194, and 1197. When Defendant failed to pay upon termination all wages earned prior to termination, Defendant knew what it were doing and intended to do what it did.

50. Pursuant to Labor Code § 201 and/or § 202, Plaintiff and the Former Subclass Members are entitled to all wages earned prior to termination that Defendant did not pay them.

51. Pursuant to Labor Code § 203, Plaintiff and the Former Subclass Members are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of 30 days.

52. As a result of Defendant's conduct, Plaintiff and the Former Subclass Members have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages earned prior to termination in violation of Labor Code § 201 or § 202.

53. As a result of Defendant's conduct, Plaintiff and the Former Subclass Members have suffered damages in an amount, subject to proof, to the extent they were not paid all penalty wages owed to them in violation of Labor Code § 203.

54. Pursuant to Labor Code § 218 and § 218.5, Plaintiff and the Former Subclass Members are entitled to recover the full amount of their unpaid wages, unpaid penalty wages, and reasonable attorney's fees and costs of suit. Plaintiff and the Former Subclass Members are entitled to recover pre-judgment interest on all due and unpaid wages and penalty wages under Labor Code § 218.6 and/or Civil Code § 3287(a).

**FIFTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements**
(By Plaintiff and the Wage Statement Subclass Members against all Defendants)

55. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

56. At all relevant times, Plaintiff and the Wage Statement Subclass Members were employees of Defendant covered by Labor Code § 226.

57. Pursuant to Labor Code § 226(a), Plaintiff and the Wage Statement Subclass Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing the correct legal entity employing the Class Member; gross wages earned; net wages earned; all applicable hourly rates in effect during the pay period; and, the

- 12 -
COMPLAINT

EXHIBIT 1 - PAGE 21

corresponding number of hours worked at each hourly rate by the employee.

58. Defendant failed to provide Plaintiff and the Wage Statement Sub-Class Members compliant and accurate itemized wage statements in accordance with Labor Code §226(a). Plaintiff is informed and believes and thereon alleges that at all relevant times since one (1) year preceding the filing of the Complaint in this action (the "Penalty Period"), Defendant maintained and continues to maintain a policy or practice of providing wage statements that list the incorrect legal entity employing the Class Members and the incorrect address for the employer (which the California Secretary of State filings indicate is located in Hanover, Maryland, whereas the paystubs indicate an address in Alpharetta, Georgia), list an inaccurate number of hours worked based upon failure of Defendant to include in the working time those hours spent by Class Members driving between or among work locations and/or hours spent while "off the clock" performing mandatory administrative functions, including those to be performed on their phones/app(s), list an incorrect "pay rate" for overtime wages at the wrong rate of pay based upon the failure of Defendant to include earned "bonuses" and/or other "premium" compensation into the regular rate of pay calculation for the overtime wage rate calculation, list an incorrect amount of "gross" and "net" wages earned, and list incorrect deductions made thereto for taxing authority purposes, including but not limited to the treatment of expense reimbursements as taxable wages.

59. Defendant's failure to provide Plaintiff and the Wage Statement Subclass Members with accurate wage statements was knowing and intentional. Defendant had the ability to provide Plaintiff and Wage Statement Subclass Members with accurate wage statements, but intentionally provided wage statements that Defendant knew were not accurate or compliant.

60. As a result of Defendant's conduct, Plaintiff and the Wage Statement Subclass Members have suffered injury. The absence of accurate information on their wage statements has prevented timely challenges to Defendant's unlawful pay practices, required discovery and mathematical computations to determine the actual employing legal entity and the amount of wages owed, caused difficulty and expense in attempting to reconstruct time and pay records, and led to the submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

61. Pursuant to Labor Code § 226(e), Plaintiff and the Wage Statement Subclass Members are entitled to recover fifty dollars ($50) for the initial pay period during the Penalty Period in which a violation of Labor Code § 226 occurred and one hundred dollars ($100) for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee.

62. Pursuant to Labor Code § 226(h), Plaintiff and the Wage Statement Subclass Members are entitled to bring an action for injunctive relief to ensure Defendant's compliance with Labor Code § 226(a). Injunctive relief is warranted because Defendant continues to provide currently employed Wage Statement Subclass Members with inaccurate wage statements in violation of Labor Code § 226(a) and currently employed Wage Statement Subclass Members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendant's ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendant's compliance with Labor Code § 226(a).

63. Pursuant to Labor Code §§ 226(e) and 226(h), Plaintiff and the Wage Statement Subclass Members are entitled to recover the full amount of penalties due under Labor Code § 226(e), reasonable attorney's fees and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendant as follows:

A. An order certifying this case as a class action;
B. An order appointing Plaintiff as representative for the Class;
C. An order appointing Plaintiff's counsel as counsel for the Class;
D. Damages for unpaid straight-time and overtime wages;
E. Reimbursement for expenditures and/or losses under Labor Code § 2802;
F. Restitution for unpaid straight-time and overtime wages under Business and Professions Code § 17203;
G. Damages for unpaid final wages under Labor Code § 201 or § 202;
H. Damages for penalty wages under Labor Code § 203;

I.   Civil Penalties under Labor Code § 226(e);

J.   Liquidated damages;

K.   Prejudgment interest at the maximum legal rate;

L.   Reasonable attorney's fees;

M.   Costs of suit; and,

N.   Such other relief as the Court may deem just and proper.

Dated: September 7, 2017

DYCHTER LAW OFFICES, APC
LAW OFFICES OF RAPHAEL A. KATRI

By: _____
Alexander I. Dychter
Attorneys for Plaintiff Nguyen

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Class on all claims so triable.

Dated: September 7, 2017

DYCHTER LAW OFFICES, APC
LAW OFFICES OF RAPHAEL A. KATRI

By: _____
Alexander I. Dychter
Attorneys for Plaintiff Nguyen

- 15 -

COMPLAINT

EXHIBIT 1 - PAGE 24

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 W Broadway |
| MAILING ADDRESS: | 330 W Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7061 |

| PLAINTIFF(S) / PETITIONER(S): | Kevin Nguyen |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | Marketsource Inc |

NGUYEN VS MARKETSOURCE INC [E-FILE]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2017-00033174-CU-OE-CTL |
|---|---|

**CASE ASSIGNMENT**

Judge: John S. Meyer                                    Department: C-61

**COMPLAINT/PETITION FILED:** 09/07/2017

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/02/2018 | 09:45 am | C-61 | John S. Meyer |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).